# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CEDRIC R. EMANUEL, d/b/a § | |
| JUST WHEELS § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:09cv220 |
| § | |
| SPX CORPORATION/ § | |
| OTC TOOLS DIVISION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant SPX Corporation's ("SPX") Motion to Transfer Venue to the District of Minnesota ("Motion") (Doc. No. 16) pursuant to 28 U.S.C. § 1404(a). Plaintiff Cedric R. Emanuel d/b/a Just Wheels ("Just Wheels") has filed a Response to Defendant's Motion to Transfer Venue ("Response") (Doc. No. 32), and Defendant also filed a Reply Brief in Support of the Motion to Transfer Venue ("Reply") (Doc. No. 36). Having fully considered the parties' arguments and for the reasons set forth herein, Defendant's Motion to Transfer Venue to the District of Minnesota is **DENIED**.

## BACKGROUND

On May 15, 2009, Plaintiff filed the instant lawsuit against Defendant, alleging infringement of two patents. Plaintiff is the inventor, patentee, and sole owner of United States Patent No. 6,505,390, entitled "Method for Replacing Wheel Studs" and United States Patent No. 6,618,920, entitled "Wheel Stud Installation Tool" (collectively, the "Patents-in-Suit"). COMPLAINT at 1.

Plaintiff d/b/a Just Wheels, offers for sale an automotive tool called the Heavy Duty Stud Press ("Stud Press") through a website: www.justwheels.com. MOTION at 2. Plaintiff's Stud Press and the method of using it are covered by one or more of the claims of each of the Patents-in-Suit. *Id.* at 3. Relevant to this Motion, Plaintiff Cedric Emanuel, is a citizen of Crosby, Texas—located within the Southern District of Texas (Houston Division)—where he also conducts all of his business. *Id.* at 2.

Defendant SPX Corporation is a Delaware Corporation with its principal place of business in Charlotte, North Carolina. ANSWER TO COMPLAINT at 2; OTC Tools Division ("OTC"), is a business unit of SPX with research and manufacturing facilities located in Owatonna, Minnesota. ANSWER TO COMPLAINT at 3; MOTION at 3. It is the OTC-manufactured product, the OTC-5195 tool, that is accused of infringement in this suit. MOTION at 3. In its Complaint, Just Wheels alleges that SPX "has infringed and is continuing to infringe one or more claims of each of the Patents-in-Suit by offering for sale and selling the OTC-5195 tool, among others, throughout the United States" and within the Eastern District of Texas in violation of 35 U.S.C. § 271(b). COMPLAINT at 4. The allegedly infringing sale within the Eastern District of Texas occurred on June 6, 2009 when the accused SPX device was shipped from Indianapolis, Indiana to a NAPA Auto Parts store in Nacogdoches, Texas. MOTION at 4. Just Wheels additionally alleges that SPX has actively induced infringement. COMPLAINT at 4; MOTION at 3.

## THE PARTIES' CONTENTIONS

On June 29, 2009 Defendant filed the instant Motion, seeking transfer to the District of Minnesota. In broad terms, Defendant's argument is that because SPX, through its business unit, researched and developed the accused product in Minnesota, convenience factors dictate that this

2

case should be transferred. MOTION at 6–8. SPX also emphasizes that it does not believe either party is connected to the Eastern District of Texas, and Defendant represents that the Eastern District is without witnesses, evidence, or an interest in this litigation. MOTION at 11. Defendant also concludes that the District of Minnesota will make this trial easier and less expensive to administer. *Id*. at 9–10.

Just Wheels contests that Minnesota is a more convenient forum for a Texas Plaintiff. Just Wheels specifically opposes having to travel across the country to allege infringement of its patents when the invention, the inventor, the prosecution history, and Just Wheels's business operations are located in and around Houston, Texas. RESPONSE at 5–6. Essentially, Plaintiff argues that it chose to bring suit in the Eastern District of Texas because that forum was more convenient and transfer to Minnesota would convenience SPX at Just Wheels' expense. *Id*. at 6. Just Wheels characterizes discovery in this case to have a national scope and notes that potential evidence and witnesses are in Texas, Minnesota, and North Carolina. RESPONSE at 5, 7. Accordingly, Plaintiff contends that balancing of public and private interest factors favors venue in the Eastern District of Texas.

## **LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.,* 90 F. Supp.2d 757, 768

(E.D. Tex. 2000). The party seeking transfer of venue must show good cause for the transfer.[1] *In re Volkswagen of America, Inc. ("Volkswagen II")*, 545 F.3d 304, 315 (5th Cir. 2008); *In re TS Tech USA Corp. ("TS Tech")*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The moving party must show that transfer is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315; *TS Tech*, 551 F.3d at 1320. Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Volkswagen II*, 545 F.3d at 315 n.10.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II*, 545 F.3d at 315; *TS Tech*, 551 at 1319. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are not exhaustive or exclusive, and no single factors is dispositive. *Id.*

Three recent appellate opinions must be addressed in determining whether transfer is appropriate in this case. *Volkswagen II* involved a products liability claim stemming from an automobile collision in Dallas, Texas. 545 F.3d at 307. On rehearing en banc, the Fifth Circuit

---

[1] Because a motion to change venue does not involve substantive issues of patent law, the Court will apply Fifth Circuit law. *TS Tech*, 551 F.3d at 1319.

4

granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id.* at 307. It found that the trial court had erred by giving inordinate weight to the Plaintiff's choice of venue and by not giving appropriate weight to—among other things—the location of proof, the cost of attendance of willing witnesses, the availability of compulsory process, and the localized interest of the fora. *Id.* at 318.

Shortly thereafter, the Federal Circuit—relying on *Volkswagen II*—granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *TS Tech*, 551 F.3d at 1322–23. The Federal Circuit found that in the underlying case—*Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-cv-406, slip op. (E.D. Tex. Sept. 10, 2008)—the trial court erred by (1) giving too much weight to the plaintiff's choice of forum; (2) failing to recognize the cost of attendance of witnesses; (3) failing to recognize the ease of access to sources of proof; and (4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id*.

More recently, the Federal Circuit also granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Northern District of California. *In re Genentech, Inc.*, *("Genentech")*, 566 F.3d 1338 (Fed. Cir. 2009). It found that the trial court erred by (1) improperly applying the 100-mile rule; (2) improperly substituting its central proximity for a measure of the convenience of the witnesses and parties, and the relative ease of access to the documents; (3) failing to appropriately weigh the compulsory process factor; and (4) erroneously weighing two irrelevant considerations: whether the transferee court would have personal jurisdiction over the Plaintiff, and the defendant's litigation history in the transferor district. *Id*. at 1348.

Given the large number of recent decisions in this district regarding motions to transfer venue in patent cases, Magistrate Judge Craven has summarized the relevant case law applying the Fifth Circuit's precedent in *Volkswagen II*. *See ICHL, LLC v. NEC Corp. et al.*, No. 5:08-cv-65, 2009 WL 1748573, at *3 (E.D. Tex. June 19, 2009). This analysis posits that the central question is whether or not the underlying dispute is focused on some localized region away from the Eastern District of Texas. *Id*.

## DISCUSSION

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Volkswagen II*, 545 F.3d at 312–13. There is no dispute that this case could have been filed in the District of Minnesota. The second determination a district court must make is to consider the convenience of the parties in both venues by weighing the private and public interest factors stated in *Volkswagen II*. *Id*. at 314–16; *see also Novartis Vaccines & Diagnostics, Inc. v. Hoffman-LaRoche Inc.*, 597 F. Supp.2d 706, 710 (E.D. Tex. 2009) (noting that a convenience determination is essentially a balancing of the inconveniences that will transpire as a result of the plaintiff's choice of venue); *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-275, 2008 WL 5378010, at *3–6 (E.D. Tex. Dec. 23, 2008)).

I. **The Private Interest Factors**

   *1.    The Relative Ease of Access to Sources of Proof*

Access to sources of proof is a "meaningful factor" in the venue transfer analysis and in *Volkswagen II*, the Fifth Circuit held that although technological advancements have generally reduced the discovery burden on parties, this factor is still important, and must be considered

carefully. *Volkswagen II*, 545 F.3d at 316. In *TS Tech*, the Federal Circuit found that this factor weighed in favor of a transfer to a Defendant's home district because "all of the physical evidence . . . [is] far more conveniently located near the [destination] venue." *TS Tech*, 551 F. 3d at 1321. In *Genentech*, the Federal Circuit noted that "in patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." 566 F.3d at 1345 (quoting *Neil Bros. Ltd.*, *v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 330 (E.D.N.Y. 2006)).

Defendant SPX argues that proximity to sources of proof, even if some of the evidence is stored electronically, weighs in favor of transfer. MOTION at 7 (citing *TS Tech*, 551 F.3d at 1321). SPX insists that the majority of relevant documents are located at OTC's Minnesota facility because this is where the accused product was developed. REPLY at 3. According to Defendant, Plaintiff will not only have fewer documents than OTC, but also contends that no sources of proof have been identified in the Eastern District of Texas. *Id*.

Plaintiff Just Wheels responds that this analysis fails to take into account the fact that its relevant documents are located in the Southern District of Texas. RESPONSE at 6. Specifically, Plaintiff invented, prosecuted, and sells the subject matter of the Patents-in-Suit in Texas, and Just Wheels represents in its briefing that Mr. Emanuel invented the Stud Press and carries out all business operations surrounding its sale in Texas. *Id*. at 5–6. Documents surrounding the patent protection and sale of the invention are located in Houston, therefore, Just Wheels finds the Eastern District of Texas to be a more convenient forum for its sources of proof. *Id*. Thus, Plaintiff argues that while the District of Minnesota would be more convenient to conduct discovery on the accused device, the Eastern District of Texas would be more convenient for discovery regarding patent

7

prosecution and the invention itself.

Just Wheels further argues that physical discovery in this case is likely to take place at SPX's corporate headquarters in North Carolina. RESPONSE at 5. In short, according to the Plaintiff, the documents needed to litigate this dispute are not located in a central location, but are spread across: (1) the Plaintiff's principal place of business (Texas), (2) the Defendant's R&D facility (Minnesota), and (3) the Defendant's corporate headquarters (North Carolina).

This case is distinguishable—to an extent—from *Genentech, TS Tech*, and *Volkswagen II*. Defendant points to Minnesota as the location containing substantial information on the accused device, but the entirety of the record will apparently be amassed from Minnesota, Texas, and North Carolina. The bulk of the sources of proof in *Genentech* were clearly located in California, and additional documents were located throughout Europe and Washington D.C., without any suggestion that any discovery would take place in Texas. *Genentech*, 545 F.3d at 1346. In *TS Tech* and *Volkswagen II*, all of the relevant physical evidence was located in or near the transferee forum. *TS Tech,* 551 F.3d at 1320–21 ("all of the physical evidence is in the transferee forum, including bulky physical evidence identified by movant"); *Volkswagen II*, 545 F.3d at 316 (all documents relating to accident and all physical evidence in transferee forum). Unlike *Volkswagen II* and *TS Tech*, however, all of the documents in this case are not located in or near the transferee forum.

Further, in *Genentech*, the transporting of evidence to California did not weigh against transfer because no discovery was occurring in or near the Eastern District of Texas. Yet the instant case is more closely aligned with the geographic circumstances presented in *Aloft v. Yahoo*. In *Aloft*, the Court noted that where Defendants' documents were kept in California and Plaintiff's documents were kept in Texas, the private interest factor favoring transfer to the location of the accused

infringer's documents was diluted because Texas was identified as a location where relevant documents were be kept. *Aloft Media, LLC, v. Yahoo!, Inc. et al.*, No. 6:08-cv-509, 2009 WL 1650480, at *3 ( E.D. Tex. June 10, 2009) (distinguishing factual circumstances from *Genentech* and finding this factor to only slightly favor transfer).

While *Aloft* dealt with a situation where documents were located in the Eastern District of Texas, there is a significant difference between transporting Plaintiff's evidence 200 miles to the Eastern District of Texas and transporting that same evidence 1190 miles from Houston to Minneapolis. Even if the Court assumes that the majority of the evidence in this case is located in Minnesota, the District of Minnesota is still not a venue in which all evidence is more accessible because the relevant proof is apparently located in three states: Minnesota, Texas, and North Carolina. In light of the fact that all of the inventor's documents are only 200 miles away from the transferor forum, it would clearly be more convenient for the Plaintiff to transport this evidence to the Eastern District of Texas.

All in all, this factor weighs in favor of transferring a case to the location where the Defendant keeps the majority of proof as to the accused device. *See Genentech*, 566 F.3d at 1345; *Aloft*, 2009 WL 1650480, at *3. Nonetheless, the Court notes that this case presents geographic distinctions that affect the ultimate weight given to this particular factor. Accordingly, the location of the accused infringer's documents will favor transfer to the District of Minnesota, but convenience considerations for the Plaintiff's evidence in Texas somewhat lessen the weight to be attributed to this factor in the transfer analysis. For the foregoing reasons, this factor slightly favors transfer.

### 2. The Availability of Compulsory Process

Rule 45(b)(2) of the Federal Rules of Civil Procedure governs the places where a subpoena

9

may be served. A court's subpoena power is subject to Rule 45(c)(3), which protects non-party witnesses who live or work more than 100 miles from the courthouse.[2] *Volkswagen II*, 545 F.3d at 304. In *Volkswagen II*, the Fifth Circuit ruled on a fact scenario in which the transferee venue enjoyed absolute subpoena power over all possible witnesses. *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-cv-289, 2009 WL 440627, at *5 (E.D. Tex. 2009), *mandamus denied*, Misc. 897, 566 F.3d 1349, 2009 WL 1425475 (Fed. Cir. May 22, 2009) (citing *Volkswagen II*, 545 F.3d at 371).

At this stage in the litigation, the Court faces substantial difficulties in determining the relevant witnesses. The identity of non-party witnesses is not readily apparent and their potential locations is speculative. What is apparent, however, is that unlike *Volkswagen II*, this case presents a situation where no one district will have absolute subpoena power over all non-party witnesses. Of the potential witnesses that have been suggested thus far, it is clear that they are located in disparate parts of the country and neither this District, nor the District of Minnesota, will have absolute subpoena power over all of them. Additionally based on the speculative nature of the non-party witnesses identified in this case, neither party has sufficiently shown that either district could enjoy subpoena power over a mere majority of these witnesses.

Defendant argues that none of the potential third party witnesses in this case are within the subpoena power of the Eastern District of Texas,[3] but SPX maintains it is likely that any former OTC

---

[2] Throughout the case law considering the second private interest factor, Rule 45 of the Federal Rules of Civil Procedure is applied specifically to third party witnesses. *See Volkswagen II*, 545 F.3d at 304; *Novartis*, 597 F. Supp.2d at 712; *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, 2009 WL 781134, at *6 (E.D. Tex. Mar. 23, 2009). Defendant SPX argues that this factor weighs in favor of the transferee forum because the District of Minnesota would have compulsory process over OTC employees. MOTION at 7. Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses. Thus, the Court will not consider current OTC employees in analyzing this factor.

[3] At least one court in this district has held that the court has trial subpoena power over witnesses residing in the State of Texas. The court in *Mohamed v. Mazda Motor Corp.*, stated that Federal Rule of Civil Procedure 45 underwent a complete revision in 1991 to enable "the court to compel a witness found within the state in which the

employees identified during discovery will be located in Minnesota. MOTION at 7. Therefore, SPX concludes that this factor weighs in favor of transfer. *Id*. at 7–8. Just Wheels counters this argument by referencing non-party witnesses beyond the subpoena power of the District of Minnesota. RESPONSE at 8. Specifically, Just Wheels has already identified non-party witnesses who are not subject to compulsory process in Minnesota because its patent attorney, Darcell Walker, and Mr. Emanuel's co-workers, Easter Hudson and George Tyron, are located in the Southern District of Texas. RESPONSE at 6. Similarly, SPX has identified licensees of the Patents-in-Suit and inventors of pertinent prior art that are also outside of both the Eastern District of Texas and the District of Minnesota. MOTION at 8 (identifying licensee offices in Sumas, Washington and Canada, as well as an inventor of prior art in Waterford, Michigan).

Given the locations of the potential non-party witnesses at this stage of the litigation, there is no single venue that could secure compulsory process over every potential witness. Accordingly, as held in *Novartis*, these circumstances run the risk of merely reallocating inconvenience to the transferee district. 597 F. Supp.2d at 713 (finding that "a transfer from one district without absolute subpoena power to another without absolute subpoena power is not clearly more convenient—such a transfer will merely reallocate inconvenience to the transferee district.").

With no district retaining the absolute subpoena power presented in *Volkswagen II*, the Court must weigh which district's limited subpoena power is more likely to compel testimony from non-party witnesses in their respective districts. SPX has demonstrated that the District of Minnesota will have subpoena power over some potential witnesses, while the Eastern District of Texas will not

---

court sits to attend trial." *ICHL*, 2009 WL 1748573, at *10 (quoting *Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 771 (E.D. Tex. 2000)).

have subpoena power over any of the currently identified non-party witnesses. Therefore, the ultimate result is that the District of Minnesota retains limited power to compel some witnesses to testify at trial, while the Eastern District of Texas cannot serve compulsory process on any currently identified witnesses. Thus, with the above considerations in mind, a relative comparison between the two districts shows that the District of Minnesota has greater power to subpoena witnesses and this factor will weigh slightly in favor of transfer.[4]

    3. *Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses*

This factor requires a court to carefully consider the convenience of all parties and witnesses. *TS Tech*, 551 F.3d at 1320; *Genentech*, 566 F.3d at 1338. This factor weighs in favor of transfer when the parties and witnesses are localized in or near the transferee district and none are located in the transferor district. *Aloft*, 2009 WL 1650480, at *3; *TS Tech*, 551 F.3d at 1322–23 (weighing this factor in favor of transfer where all of the key witnesses were located in one geographic area); *see also Odom v. Microsoft Corp.*, 596 F. Supp.2d 995, 1000 (E.D. Tex. 2009). On the other hand, this factor may weigh against transfer or be neutral when the relevant witnesses are spread throughout the country or the world. *See, e.g., In re Telular*, 319 Fed. Appx. 909, 2009 WL 905472 (Fed. Cir. Apr. 3, 2009) (denying transfer from Texas to Illinois where one party was located in Illinois, the other in Texas, and a number of non-party witnesses were located in Georgia); *MHL Tek*, 2009 WL 440627, at *4 (weighing this factor against transfer where witnesses were spread throughout the country); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp.2d 795, 802

---

[4] The Court additionally notes that neither side has indicated that it would even have difficulty compelling the attendance of any witness. Pragmatic considerations should also be given to the fact that even if this Court could not compel a witness's attendance, neither party is prevented from using the witness's videotaped deposition at trial. *Aloft*, 2009 WL 1650480, at *6; *Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp.2d 676, 679 (E.D. Tex. 2006).

(E.D. Tex. 2006), *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir. 2006) (finding this factor neutral where witnesses were located in Connecticut, New York, California, Taiwan, and Israel).

Plaintiff Just Wheels filed suit in the Eastern District of Texas. Undoubtedly, the Court will consider this district more convenient to the Plaintiff than the District of Minnesota because the Plaintiff "lives and works in Texas; he conducts business in Texas and invented the subject matter of the Patents-in-Suit in Texas." RESPONSE at 5–6. Plaintiff's non-party witnesses, including his patent attorney and his co-workers having knowledge of the invention and the processes by which it was conceived, brought to fruition, and eventually sold, are also located in or near Houston, Texas. *Id*. at 6. Defendant represents that at least two of SPX's potential witnesses are located in Minnesota, MOTION at 9, and Plaintiff again counters that SPX's principal place of business, and potential witnesses, are located in North Carolina. MOTION at 2–3.

The Fifth Circuit has established a threshold of 100 miles when considering the convenience of witnesses. *MHL Tek*, 2009 WL 440627, at *4; *Volkswagen II*, 371 F.3d at 204–05. The Court reasoned that "[a]dditonal distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time that the fact witnesses must be away from their regular employment." *Id*. at 204–05. In this case, party and non-party witnesses are apparently located in Texas, Minnesota, and North Carolina. This is not a case where all of the potential witnesses are concentrated in one part of the country, and all of these witnesses will find one forum more convenient than the other. For the Plaintiff, that forum is the Eastern District of Texas, and for the Defendant, that forum is the District of Minnesota.

The Court also notes that this is not a case where an out-of-state plaintiff has chosen to file suit in an arbitrary forum to which it is unconnected. *See, e.g., ICHL*, 2009 WL 1748573, at *11. The

13

Plaintiff is located in close proximity to the Eastern District of Texas and this forum, only 200 miles away, is clearly more convenient than litigating in Minnesota. SPX takes issue with this suit not being filed in the Southern District of Texas, but there are no venue restrictions that mandate the Plaintiff bring suit in the district of his domicile or the corporation's principal place of business. *See* 28 U.S.C. § 1400(b); *J2 Global Commc'ns,* 2009 WL 440525, at *3–4 (noting that the patent venue statute "does not limit venue to the district where a patent holder is located any more than it does to where an alleged infringer is located"); *Network-1 Sec. Solutions,* 433 F. Supp.2d at 802 (holding that 28 U.S.C. § 1400(b) provides for the possibility that there are multiple proper venues in a patent case).

As a result, with decentralized witnesses, the convenience of all witnesses would not be served by transferring the case to Minnesota. Such a transfer would instead increase the distance that at least four identified witnesses in Texas would be forced to travel. Where Defendant has identified two potential witnesses in Minnesota, the Plaintiff identifies the inventor, prosecuting attorney, and other witnesses with knowledge of the patented invention and Just Wheels' business practices. The Plaintiff's identified witnesses are directly connected to Texas and are willing to testify in the Eastern District of Texas. RESPONSE at 6. These facts weigh against transferring the case to Minnesota. Without a showing that there is a localized focus of people, events, and evidence in the District of Minnesota, this factor does not weigh in favor of transfer.

    4.  *Other Factors Relevant in Conducting an Expeditious and Inexpensive Trial*

Defendant makes the argument that counsel for SPX and Just Wheels are inconvenienced by traveling to Tyler and would prefer to fly into Minneapolis. MOTION at 9–10. The Court finds no merit in this position. While courts have routinely considered the distance, travel time, and cost

experienced by the parties and witnesses in determining convenience, location of counsel is not considered in this analysis. *MHL Tek*, No. 2:07-cv-289, 2009 WL 440627, at *4 n.5; *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (ruling that the parties' attorneys' convenience is not a factor to be considered). The Court finds this final factor is neutral and does not weigh in favor of or against transfer.

**II.     Public Interest Factors**

As previously noted, the public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *TS Tech*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

*1.     Administrative Difficulties Flowing from Court Congestion*

The parties agree, according to the Federal Judicial Caseload statistics, that the median time for disposition of a case in the Eastern District of Texas is 9.7 months, while the median time for disposition in the District of Minnesota is 10.4 months. MOTION at 10. The Court finds any such difference to be negligible. Therefore, this factor is neutral and does not weigh either in favor of, or against, transfer.

*2.     The Local Interest in Having Localized Interests Decided at Home*

Plaintiff alleges and Defendant concedes that there was a sale of the accused OTC-5195 tool in the Eastern District of Texas. RESPONSE at 2; MOTION at 11. Defendant argues that besides the sale of the accused product, that the Eastern District of Texas does not have an interest in the outcome of this case. MOTION at 11. However, in cases where there are sales of the accused product

in both districts, no particular district has a greater stake in the outcome of the litigation. *Aloft*, 2009 WL 1650480, at *6 (citing *TS Tech*, 551 F.3d at 1321); *Konami*, 2009 WL 781134, at *9; *Novartis*, 597 F. Supp.2d at 714. Since neither Texas nor Minnesota have a greater stake in the outcome of this litigation, the localized interest factor does not weigh in favor of transfer and will be considered neutral in this analysis.

        3.       *The Familiarity of the Forum with the Law that will Govern the Case*

Although this Court has presided over numerous patent cases and has considerable experience with patent law, it is in no better position than another federal district court in deciding a patent case. *See TS Tech*, 551 F.3d at 1320. Since both this Court and the Court in the District of Minnesota are equally capable of applying patent law to the infringement claims, this factor is neutral as to transfer.

        4.       *The Avoidance of Unnecessary Problems of Conflict of Laws*

This factor is neutral. *See Aloft*, 2009 WL 1650480, at *6; *J2 Global Commc'ns, Inc.*, 2008 WL 5378010, at *6.

## CONCLUSION

The Court concludes that Defendant has failed to show that the District of Minnesota is a clearly more convenient forum to adjudicate this case. Other decisions in this Court have articulated a central principle in transfer analysis: "the courts which have transferred cases have emphasized that the plaintiffs did not have any connection with the Eastern District and that, instead, relevant evidence and witnesses were located in and around the transferee forum." *ICHL*, 2009 WL 1748573, at *6. The *ICHL* court additionally noted that the relevant inquiry is whether, in a national or global dispute, the transferee district is "clearly more convenient" than the transferor district. *Id*. With these

16

principles in mind, the Court must weigh the facts in favor of and in opposition to this Motion, noting with particularly, the Plaintiff's connections to Texas. Even if Plaintiff has no connection to the Eastern District of Texas, the Defendant has still failed to demonstrate that there is a localized focus of people, events, and evidence in or near the District of Minnesota so as to make the venue "clearly more convenient" for the majority of those involved. *Id*. at *11. While some witnesses will be inconvenienced by traveling to Tyler, the Court finds that trial in this district would be substantially more convenient for Plaintiff than a trial in Minneapolis, which is over 1190 miles from Houston.

Defendant has not shown that the proposed transferee forum is clearly more convenient than the venue chosen by the Plaintiff. *See MHL Tek*, 2009 WL 440627, at *8; *Volkswagen II*, 545 F.3d at 315 ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Having considered the relevant factors as well as the interest of justice under 28 U.S.C. § 1404(a), the Court is not persuaded that a transfer is warranted. SPX's Motion to transfer venue is **DENIED**.

**So ORDERED and SIGNED this 18th day of September, 2009.**

JOHN D. LOVE<br>
UNITED STATES MAGISTRATE JUDGE